FILED IN CHAMBERS
U.S.D.C. - Atlanta

FEB 01 2013

James N. Patten, Clerk
By: /s/ AmCauule
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SANTIAGO MEDINA, | : | MOTION TO VACATE |
| BOP No. 60905-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-4431-ODE |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:09-CR-191-4-ODE |

## ORDER

This matter is before the Court on Santiago Medina's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, as briefed [Docs. 320, 322, 327], Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation recommending denial of that motion ("Final R&R") [Doc. 329], and Medina's Objections [Doc. No. 332]. For the reasons that follow, Magistrate Judge Scofield's Final R&R will be adopted and approved as the order of this Court (as supplemented by this Order), Medina's § 2255 motion will be denied, and no certificate of appealability will be issued.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's Final R&R. Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (internal quotation marks and citation omitted). Those portions of the Final R&R that are not objected to need only be reviewed for clear error. Macort

v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006).[1] Where objections are made, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1), and "give fresh consideration to those issues to which specific objection has been made," Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990). However, the district judge has discretion to decline to consider arguments that were not raised before the magistrate judge. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." Id. (quoting United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000)).

This Court has reviewed de novo all of those portions of the Final R&R to which Medina raised specific objections. Having done so, the Court finds that Magistrate Judge Scofield's factual and legal conclusions were correct and that Medina's objections should be overruled.

---

[1] Macort addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. See Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (Story, J.) (collecting cases).

2

Medina's objections repeat the two principal arguments he made in his § 2255 motion. First, Medina argues that his guilty plea was unknowing and involuntary because he was not advised by the Court that his plea agreement contained a waiver of his collateral attack rights. Medina contends that this violation of Federal Rule of Criminal Procedure 11(b)(1)(N) necessarily entitles him to relief. The Final Report and Recommendation already explains, with citations to Supreme Court precedent, why a "formal violation" of Rule 11, standing alone, does not warrant collateral relief. See [Doc. 329 at 6-7].

In his objections, Medina simply writes: "In Medin's [sic] pleadings, he cited several cases for the proposition that the failure to discuss the 2255 waiver with the defendant negated any written waiver in a plea agreement." [Doc. 332 at 5]. The two principal cases he cited earlier were United States v. Sura, 511 F.3d 654 (7th Cir. 2007), and United States v. Murdock, 398 F.3d 491 (6th Cir. 2005). Medina declared that Sura presented "a nearly identical factual situation" and labeled Murdock "factually indistinguishable from the present case." [Doc. No. 322 at 4-5]. In fact, both Sura and Murdock were direct appeal cases. In contrast, Medina is raising his Rule 11 claim for the first time in a collateral proceeding under § 2255. That difference is significant. As the Seventh Circuit noted: "It is important, in this context, to recall that Sura is challenging the voluntariness

3

of his plea agreement in an attempted direct appeal, not in a collateral proceeding." Sura, 511 F.3d at 659. The Final R&R correctly states the standard for reviewing collateral challenges to formal violations of Rule 11, and under that standard Medina is not entitled to relief.

Second, Medina argues that he received ineffective assistance of counsel because his lawyer never presented to him a plea offer that promised a 108-month sentence. As the Final R&R correctly notes, this Court rejected a plea agreement reached by Medina and the Government that provided for a 135-168 month sentence, and this Court instead imposed a 262-month sentence to reflect appropriately Medina's extremely serious criminal conduct. See [Doc. 329 at 2-5]. As the Final R&R also notes, the Supreme Court has very recently made it clear that when there is no "reasonable probability the plea would have been entered into without . . . the trial court refusing to accept it," defense counsel's failure to convey a plea offer does not amount to ineffective assistance of counsel because the defendant has suffered no prejudice. Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012). Simply put, given that this Court rejected a 135-168 month sentencing range for Medina (and imposed a 262-month sentence), there is no reasonable probability that Medina could have persuaded this Court to accept a 108-month plea offer. Medina suffered no prejudice as a result of his

4

counsel's failure to convey a plea offer that this Court would have rejected.

The Final R&R also correctly concludes that Medina has not met the requirements for obtaining a certificate of appealability.

As supplemented by this decision, the Final R&R is hereby **APPROVED AND ADOPTED** as the Order of this Court. Each of Medina's objections is **OVERRULED**, and his § 2255 motion is **DENIED**. Finally, because Medina has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable, a certificate of appealability is **DENIED**.

**SO ORDERED**, this  1  day of February, 2013.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

5